UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> N. HAND-RONGA, et al., <br><br> Defendants. | 1:17-cv-01704-LJO-GSA-PC <br><br> FINDING AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED <br> (ECF No. 6.) <br><br> OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2017. (ECF No. 1.) Plaintiff's Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A.

On January 8, 2018, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 6.)

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008)

(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, and he seeks a court order compelling prison officials to house him permanently in a single cell, to give him full privileges wherever he is housed, to refrain from housing him on a Sensitive Needs Yard, to refrain from disclosing why he is single-celled, and to refrain from retaliating against him for this preliminary injunction.

The court lacks jurisdiction to issue the order sought by Plaintiff as the order requested by Plaintiff would not remedy any of the claims upon which this case proceeds. This action is proceeding against defendants on claims for violation of due process, failure to protect, failure

to train, mail interference, and for wrongly being labeled a sex offender, all based on events occurring in 2017. Plaintiff now requests a court order requiring officials to act based on present and future events. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

**III.  CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on January 8, 2018, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 21, 2018**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE