UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> N. HAND-RONGA, et al., <br><br> Defendants. | 1:17-cv-01704-LJO-GSA-PC <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br> **(ECF No. 16.)** <br><br> **ORDER FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS** <br><br> **THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I.     BACKGROUND**

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2017. (ECF No. 1.) On April 9, 2018, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 12.)

On September 24, 2018, the court issued a screening order dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint within thirty days. (ECF No. 15.) On October 5, 2018, Plaintiff filed objections to the court's order, which the court construes as a motion for reconsideration of the order. (ECF No. 16.)

1

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff requests the court to reconsider its decision in the screening order to dismiss his due process claim based on his sex offender label. Plaintiff also contends that he is bringing a retaliation claim in this case. Plaintiff argues that the court relied on law that is inapplicable to his case and failed to recognize that his life is in danger. Plaintiff reiterates his allegations and requests the court to reverse the decision in the screening order.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for consideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the court's screening order, his remedy is to file a Second Amended Complaint which clearly and succinctly states his factual allegations and the claims upon which he wishes to proceed. Then, the court will screen the Second Amended Complaint based on his allegations and claims stated therein. Plaintiff shall be granted additional time to prepare and file the Second Amended Complaint.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on October 5, 2018, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff is required to comply with the court's Screening Order of September 24, 2018, by filing a Second Amended Complaint; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 8, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE