UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | 1:17-cv-01704-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR REFERRAL TO VOLUNTARY DISPUTE RESOLUTION PROGRAM** |
| vs. | |
| N. HAND-RONGA, et al., | **(ECF No. 19.)** |
| Defendants. | |

**I. BACKGROUND**

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2017. (ECF No. 1.) On April 9, 2018, Plaintiff filed a First Amended Complaint as a matter of course. (ECF No. 12.) On September 24, 2018, the court issued a screening order dismissing the First Amended Complaint for failure to state a claim with leave to file a Second Amended Complaint within thirty days. (ECF No. 15.) On December 3, 2018, Plaintiff filed a Second Amended Complaint which awaits the court's requisite screening. (ECF No. 16.)

On December 28, 2018, Plaintiff filed a request for the court to refer this case to the "Alternative Dispute Resolution Project" after the court has completed screening the complaint. (ECF No. 19.)

**II.      VOLUNTARY DISPUTE RESOLUTION PROGRAM -- LOCAL RULE 271**

Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of the parties. However, this Rule does not apply to prisoner cases. L.R. 271(a)(2). Therefore, Plaintiff's case cannot be referred to the VDRP under Rule 271 and his request must be denied.

However, the court is able to refer prisoner cases for settlement before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the court, or at a prison in the Eastern District of California. As a rule, the court does not refer cases for settlement unless both Plaintiff and Defendants have notified the court that they believe, in good faith, that settlement is a possibility and that they are interested in having a settlement conference scheduled by the court. In this case none of the Defendants have appeared, and therefore referral for settlement is premature. If Plaintiff still seeks to settle this case at a later stage of the proceedings, after the Defendants have appeared, he may file a request at that time for the court to schedule a settlement conference.

**III.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for referral of this case to the Voluntary Dispute Resolution Program is DENIED.

IT IS SO ORDERED.

   Dated:   **January 12, 2019**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE