UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> N. HAND-RONGA, et al., <br><br> Defendants. | 1:17-cv-01704-LJO-GSA-PC <br><br> ORDER DENYING REQUEST TO EXPEDITE CASE <br><br> (ECF No. 24.) |

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2017. (ECF No. 1.) On April 9, 2018, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 12.) On September 24, 2018, the court issued a screening order dismissing the First Amended Complaint for failure to state a claim with leave to file a Second Amended Complaint within thirty days. (ECF No. 15.) On December 3, 2018, Plaintiff filed a Second Amended Complaint. (ECF No. 18.) On February 7, 2019, Plaintiff lodged a proposed Third Amended Complaint. (ECF No 21.) On February 13, 2019, the court granted Plaintiff leave to amend the complaint and filed the Third Amended Complaint. (ECF No. 22.) The Third Amended Complaint awaits the court's requisite screening pursuant to 28 U.S.C. § 1915.

On April 2, 2019, Plaintiff filed a request for a speedy trial pursuant to Federal Rule of Civil Procedure 2,[1] which the court construes as a request to expedite this case. (ECF No. 24.)[2]

Plaintiff requests immediate screening of the Third Amended Complaint so that defendants can be served and he can prove that his case has merit. Plaintiff believes this case can be resolved quickly "because the laws are straightforward and Plaintiff exhausted administrative remedies and filed timely government claims to no avail." (ECF No. 24 at 5:1-5.)

Plaintiff is advised that the court ordinarily screens complaints in the order in which they are filed with the court and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the court and delays are inevitable despite the court's best efforts. Plaintiff's Third Amended Complaint will be screened in due course.

Based on the foregoing, Plaintiff's request to expedite this case, filed on April 2, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **April 5, 2019**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 2 of the Federal Rules of Civil Procedure provides as follows, in its entirety, "There is one form of action--the civil action." Fed. R. Civ. P. 2. Under this rule, both legal and equitable issues can be raised in one civil action. Rogers v. Loether, 467 F.2d 1110 (7th Cir. 1972) certiorari granted 93 S.Ct. 2770, 412 U.S. 937, 37 L.Ed.2d 396, affirmed 94 S.Ct. 1005, 415 U.S. 189, 39 L.Ed.2d 260. Plaintiff has not indicated, and the court has not found, how Rule 2 applies to Plaintiff's request for a speedy trial.

[2] Plaintiff brings a motion for preliminary injunctive relief in the same request. (ECF No. 24.) The motion for preliminary injunctive relief shall be resolved by separate order.