UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | 1:17-cv-01704-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | **(ECF No. 37.)** |
| N. HAND-RONGA, et al., | |
| Defendants. | |

## I. BACKGROUND

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 5, 2019, findings and recommendations were entered, recommending that this case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. (ECF No. 33.) On November 18, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 34.) On November 19, 2019, the undersigned adopted the findings and recommendations in full, dismissing the case with prejudice. (ECF No. 35.)

On December 13, 2019, Plaintiff filed a motion for relief under Rules 59 and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 37.) The court construes Plaintiff's motion as a motion for reconsideration of the order dismissing this case.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that his state law claims should have been denied or otherwise ruled upon when this case was dismissed, asserting that he asked the Court to remand the state law claims to the Kings County Superior Court. Plaintiff claims that the court "refuse[d] to hear the state law claims or find they failed to state claims for relief under state law as well, which may be an error of law." (ECF No. 37 at 2:17-21.) Plaintiff argues that it would be manifestly unjust for the court to refuse to exercise supplemental jurisdiction or refuse to remand the case to the

Superior Court. Plaintiff also claims that he is entitled to relief under Rule 60(b) for excusable neglect in alleging retaliation instead of deliberate indifference, and he should be allowed to amend the complaint.

The court addressed Plaintiff's state law claims in the findings and recommendations issued on November 5, 2019, and declined to exercise supplemental jurisdiction:

> Plaintiff alleges violation of Code of Civil Procedure §§ 1708, 1711, 1714, and 3333.2. Plaintiff also brings claims for negligence, defamation, libel, slander, and violation of the Bane Act, Cal. Civ. Code § 52.1(a). These are all state law claims. Violation of state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.
>
> In this instance, the court has not found any cognizable § 1983 claims in the Fourth Amended Complaint against any of the Defendants. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

(ECF No. 33 at 13 ¶ E.) The undersigned considered Plaintiff's objections to the findings and recommendations before adopting the findings and recommendations in full. Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on December 13, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **December 16, 2019**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE

3